**Chris Mertens, OSB No. 092230**
Mertens Law, LLC
1040 NE 44th Avenue, Suite 4
Portland, OR 97213
Telephone: (503) 836-7673
Facsimile: (503) 206-0115
Chris@MertensCSBLaw.com

**Matthew Sutton, OSB No. 924797**
Law Office of Matthew Sutton
205 Crater Lake Avenue
Medford, OR 97504
Telephone: (541) 772-8050
ms@matthewsuttonlaw.com

Attorneys for Aaron Buchheim & Racheal Buchheim

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON (MEDFORD)

| | |
|---|---|
| AARON MICHAEL BUCHHEIM, an individual, and RACHEAL TEAN BUCHHEIM, and individual, | Case No.: 1:23-cv-190-XX<br><br>COMPLAINT |
| Plaintiffs,<br>v. | Unlawful Collection Practices<br>15 U.S.C. § 1692k, et seq<br>Unlawful Trade Practices<br>ORS 646.608 |
| BRANDSNESS, BRANDSNESS & RUDD, P.C., an Oregon Professional Corporation, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1.    .

This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Oregon Unlawful Trade Practices Act (UTPA), ORS 646.608, *et seq*. The FDCPA was enacted by Congress to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

2.

The FDCPA is a strict liability statute. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Violations of the FDCPA's provisions are assessed from the perspective of the least sophisticated debtor, rather than from the perspective of the actual plaintiff. *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997)(citing *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996)). A debt collector can violate the FDCPA "regardless of whether a valid debt exists." *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)(citing to the legislative history for the FDCPA). The FDCPA is a remedial statute and should be interpreted liberally to protect debtors from abusive debt collection practices. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1025 (9th Cir. 2012)(citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1168 (9th Cir. 2006)). The FDCPA must not be to read "in a way that is antithetical to Congress's express intent

to protect consumers from abusive debt collection practices." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1079 (9th Cir. 2016).

3.

The UTPA also transformed the public into "private attorneys general" by authorizing consumers who have suffered an ascertainable loss of money or property as a result of violations of the statute to sue in their own names and recover damages. Like the FDCPA, the UTPA is to be interpreted liberally in favor of consumers. *See Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 90 n.4, 566 P.2d 1177 (1977)(discussing legislative history of Oregon's enactment of the UTPA).

## JURISDICTION

4.

Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1692k(d) and generally pursuant to 28 U.S.C. § 1331. The Court has pendent jurisdiction over the Unlawful Trade Practice ("UTPA") claims in this action pursuant to 28 U.S.C. § 1367(a).

5.

Personal jurisdiction over defendant Brandsness, Brandsness & Rudd, P.C. (hereinafter "BBR") is proper pursuant to Fed. R. Civ. P. 4(k).

6.

Venue is proper before this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred within this district, Plaintiffs Aaron Michael Buchheim and Racheal Tean Buchheim

(hereinafter collectively, "The Buchheims" and individually Mr. Buchheim and Mrs. Buchheim, respectively) reside in this district,  Defendant BBR's primary office and principal place of business is within this district.

## PARTIES

### 7.

Plaintiff Mr. Buchheim is a natural person and a resident of Klamath County in the State of Oregon. Plaintiff Mrs. Buchheim is a natural person and a resident of Klamath County in the State of Oregon. Plaintiffs Mr. Buchheim and Mrs. Buchheim are a married couple. Except where expressly stated to the contrary, the Buchheims are similarly situated as Plaintiffs in the instant matter. Unless specifically noted to the contrary, all factual allegations herein apply to both Mr. Buchheim and Mrs. Buchheim.

### 8.

The Buchheims were and at all times pertinent to the allegations made herein persons, natural persons, and consumers within the meaning of the FDCPA 15 U.S.C. § 1692a(3).

### 9.

At all times pertinent herein, the alleged debts (hereinafter "debts") BBR attempted to collect from The Buchheims were "debts"  within the meaning of 15 U.S.C § 1692a(5), as debts represented amounts owed for medical goods and services provided by Sky Lakes Medical Center("Sky Lakes") in Klamath Falls, Oregon. The debt was incurred for personal, family, and/or household purposes;

specifically the medical treatment of Mr. Buchheim on or about March 4-19, 2018, and medical treatment of Mrs. Buchheim on or about April 20, 2018.

10.

Defendant BBR is an Oregon Professional Corporation organized under Oregon law, with a principal place of business located at 411 Pine Street, Klamath Falls, Oregon 97601.

11.

Defendant BBR upon information and belief, is engaged in collection of defaulted consumer debt incurred by consumers for goods and services provided for personal, family, and/or household purposes.

12.

Defendant BBR regularly files lawsuits, garnishment documentation, and foreclosure actions for judgments for the collection of defaulted consumer debt on behalf of debt buyers and debt collectors, including Carter-Jones Collection Services, Inc. ("CJ Collection") and engages in the regular collection of alleged debts incurred by consumers for personal, family, and/or household purposes.

13.

Upon information and belief, Drew A. Humphrey, (hereinafter "Humphrey"), an Oregon attorney is employed by BBR who regularly files lawsuits in Oregon against Oregon consumers on behalf of client creditors, debt collectors, and debt-owners. Upon information and belief, Humphrey, has also issued garnishments in Oregon against Oregon consumers on behalf of client debt collectors and debt-owners. Given an

opportunity for discovery, upon information and belief The Buchheims believe that evidence will show Humphrey has issued garnishments and filed legal proceedings to collect consumer debts at a rate of several per month for over the past two years.

14.

At all times relevant to the Buchheims' claims asserted herein, BBR acted within the ordinary scope of its business by and through one or more of its employees, agents, or partners within the course and scope of its agency or employment by creditors to collect debts owed by Oregon consumers to those creditors.

15.

Upon information and belief, BBR has a registered agent with the Oregon Secretary of State: Michael P. Rudd, Registered Agent, 411 Pine Street, Klamath Falls, Oregon 97601.

16.

Defendant BBR regularly uses instruments of interstate commerce--such as using an interstate phone system to make long distance calls, transmission of documents via facsimile transmitted over interstate phone systems, utilizing the US mails to send collections letters and legal documents; the principal purpose of which is the collection of consumer debts that were defaulted prior to BBR's representation and collection efforts.

17.

Plaintiffs allege on information and belief that in the three years before this action, BBR filed, on average, multiple actions each month to collect defaulted consumer debts owed by individuals to persons other than BBR.

18.

Plaintiffs further allege on information and belief that BBR has sought to collect hundreds of other consumer debts owed by individuals to persons other than BBR through collection attempts that did not involve filing a collection lawsuit.

19.

Upon information and belief, Plaintiffs allege BBR has attorneys and staff whose duties include collecting consumer debts through bankruptcy proceedings or other collection work. BBR asserts on its website that it " . . . represents banking interests and creditors related to collections of accounts and bankruptcy proceedings."

20.

The Buchheims further allege on information and belief that BBR earns at least 10% of its annual gross revenue from consumer debt collection work.

21.

BBR has clients from whom it has accepted consumer debt collection work or undertaken debt collection efforts on their behalf regularly for the last three years preceding the filing of this action.

22.

BBR's debt collection clients include persons engaged in consumer
transactions.

23.

At all times material, most of the debt that BBR collected or attempted to
collect were obligations or alleged obligations of individuals to pay money arising
out of a transaction in which the money, property, insurance, or services that were
the subject of the transaction were primarily for personal, family, or household
purposes.

24.

Upon information and belief, BBR is and was a "debt collector" as the term is
defined by 15 U.S.C. § 1692a(6) at all times relevant to the allegations set forth
herein.

25.

At all times herein, the collection services provided by BBR to CJ Collection,
including those performed with respect to investigating the alleged debt and
drafting the alleged claims, were governed by the ORS 646.605 et seq., the Oregon
Unlawful Trade Practices Act (UTPA).  Specifically, in providing its debt collection
services, BBR acted within the course of its "business, vocation or occupation" as
provided for under ORS 646.608(1) of the UTPA and *Daniel N. Gordon, an Or. Prof'l
Corp. v. Rosenblum*, 361 Or 352, 368-369, 393 P.3d 1122 (Or. 2017).

## FACTUAL ALLEGATIONS

### 26.

Going back to at least 2016, Sky Lakes has had the policy not to charge any interest on medical bills because it does not want to place this additional financial burden on its patients. As such, the Buchheims never owed Sky Lakes any interest on any medical bills.

### 27.

On or about November 10, 2021, Sky Lakes assigned Mr. Buchheim's alleged medical debt identified by account ending in 2381 to CJ Collection.

### 28.

On or about November 10, 2021, by separate assignment document, Sky Lake assigned Mrs. Buchheim's medical debt identified by account ending in 5284 to CJ Collection.

### 29.

Each respective assignment contained the same assignment language, only assigning the debt owing to Sky Lakes to CJ Collection with authority to "compromise and settle" the debt. assignments were necessarily limited to the principal amount of the medical bills and did not assign any right to collect interest. The express language in the written assignments confirms only the right to collect, compromise, and settle the debt itself, and is void of any language

assigning any contractual rights as to fees, costs,  or otherwise without transferring

any other rights, as set forth in each assignment document as follows:

```
*******ASSIGNMENT OF DEBT*******

I the undersigned, do irrevocably assign and transfer the debt
owing to me by the above to Carter-Jones Collection Service, Inc.
and authorize said assignee to compromise and settle said debts
within its discretion and to endorse and collect any money order,
check or other instrument received in my name, as payment thereon.
```

SKY LAKES
MEDICAL CENTER
2865 Daggett Avenue
Klamath Falls, OR 97601
_____
Firm Name

30.

On or about February 9, 2022, BBR drafted and filed a collection complaint

(the "Collection Complaint") on behalf of CJ Collection identifying "Aaron Michael

Buchheim and Racheal Tean Buchheim, aka Racheal Tean Shackelford" as the

"defendant" (sic) in Klamath County Circuit Court Case No.  22CV05196 (the

"Collection Action").

31.

BBR alleged in paragraph five (5) of the Collection Complaint that

"Defendant became indebted to Sky Lakes Medical Center . . . in the sum of

$13,382.12, for the balance of an account for medical services rendered from on or

about March 10, 2018 through April 20, 2018. Such debt was then assigned to

Plaintiff for collection. Interest accrues on the principal balance at the legal rate of

9% per annum from September 4, 2018 until paid."

32.

Upon information and belief BBR and CJ Collections acted outside of any authority and/or outside of any assignment rights from Sky Lakes by asserting a right to prejudgment interest in the Collection Complaint.

33.

BBR unfairly and falsely alleged in the Collection Complaint at paragraphs 5, 16, 21, and the prayer on all counts that CJ Collection was entitled to interest on the alleged debt subject to the Collection Complaint.

34.

BBR unfairly and falsely alleged in the Collection Complaint at paragraph 11 that "Defendant agreed to pay [Sky Lakes] the sum of $13,382.12 plus interest from September 4, 2018 at 9% per annum until paid," when neither Mr. Buchheim nor Mrs. Buchheim made any such agreement.

35.

BBR unfairly and falsely alleged in the Collection Complaint that CJ Collection was entitled to interest from September 4, 2018 without any reason or justification for picking September 4, 2018, a date that preceded assignment to CJ Collection by over two years.

36.

Upon information and belief, prior to filing the Collection Complaint BBR was in possession of, or had immediate access to all documentation that would have allowed BBR to determine that CJ Collection and Sky Lakes had no legal right to

collect pre-petition interest, or alternatively had no legal right to interest from
September 4, 2018.

37.

In Oregon, a party is only entitled to recover attorney fees in a reasonable
amount if allowed by statute or by a contract agreed to by the parties.  While
Oregon has a "family expense" statute in ORS 108.040, it does not include a
collection agency's attorney fees in a court proceeding within the definition of a
family expense.  Nonetheless,  in the Collection Complaint  BRR falsely and
unfairly alleged a right to attorney fees for all claims.  As to Claims 3 and 4 in the
Collection Complaint, (the "Goods Sold and Delivered" and "Quantum Meruit"
claims) alleging attorney fees was improper as those theories by their equitable
nature do not provide a right to attorney fees.  Additionally, for Claim 3 of the
Collection Complaint ("Account Stated"), there was never any new agreement with
the Buchheims to pay any attorney fees on any alleged medical bills from a closed
account.

38.

BBR unfairly and misleadingly alleged in the Collection Complaint that CJ
Collection was entitled to attorney fees on Claim 1 (the "Account" claim). BBR's
allegation for attorney fees was unfair and misleading since there was no express
contract alleged in the Collection Complaint between Mr. Buchheim and Sky Lakes
containing an attorney fee term as part of the open account containing charges for
Mr. Buchheims' medical services.

39.

BBR unfairly and misleadingly alleged in the Collection Complaint that CJ Collection was entitled to attorney fees on Claim 1 (the "Account" claim). BBR's allegation for attorney fees was unfair and misleading since there was no express contract alleged in the Collection Complaint between Mrs. Buchheim and Sky Lakes containing an attorney fee term as part of the open account containing charges for Mrs. Buchheim's medical services.

40.

There was no mutual assent by either Mr. Buchheim or Mrs. Buchheim to the Sky Lakes "Conditions of Services" as neither of them were aware of the attorney fee provisions therein, neither of them signed the Conditions of Services for their own medical bills, nor were either Mr. Buchheim or Mrs. Buchheim authorized to incur a potential attorney fee obligation on behalf of the other spouse.

41.

BBR used false, unfair, and misleading means when it alleged in the Collection Complaint in Claims 1 and 2 that BBR was collecting one account against both Mr. Buchheim and Mrs. Buchheim; when BBR knew that there were two distinct and separate accounts for Mr. Buchheim and Mrs. Buchheim.

42.

BBR used false, unfair, and misleading means when it alleged in the Collection Complaint in Claims 3 and 4 that BBR was collecting for services provided to a singular unidentified "Defendant," and that it was collecting the

reasonable value of the services without taking into account the 25% discount that, upon information and belief, Sky Lakes affords uninsured and direct pay patients such as Mrs. Buchheim.

43.

On or about February 15, 2022, BBR caused Mrs. Buchheim to be personally served with the Collection Complaint.

44.

On or about March 1, 2022, BBR completed substitute service of the Collection Complaint upon Mr. Buchheim when BBR mailed the summons and complaint to Mr. Buchheim.

45.

BBR also mailed Mr. Buchheim a letter dated March 1, 2022 that failed to identify BBR as a debt collector as required by 11 U.S.C. § 1692e(11)., but indicated that the letter was an attempt to collect a debt.

46.

Upon information and belief, The March 1, 2022 letter from BBR to Mr. Buchheim was the initial communication from BBR to Mr. Buchheim.

47.

The March 1, 2022 letter did not contain the full and complete notice required by 11 U.S.C. § 1692g.

48.

The March 1, 2022 letter did not identify BBR as a debt collector as required by 11 U.S.C. § 1692e(11).

49.

BBR used unfair, misleading, and deceptive means that caused a likelihood of confusion and in fact confused the Buchheims through its statements in the Collection Complaint for a number of reasons:

a) BBR referred to one Defendant instead of each individual defendant throughout the Collection Complaint;

b) BBR did not identify any charges, contracts, or accounts that belonged to Mr. Buchheim individually;

c) BBR did not identify any charges or contracts that belonged to Mrs. Buchheim individually; and

d) BBR only identified one amount of $13,382.12 outstanding against the "Debtor."

The Buchheims were confused as to who was alleged to owe what amounts.

50.

BBR did not allege in the Collection Complaint that either Mr. Buchheim or Mrs. Buchheim had any agency to act on behalf of the other.

51.

BBR did not allege in the Collection Complaint that Mr. Buchheim and Mrs. Buchheim were married, or that either of them could have liability for the debts of the other under the Oregon Family Expense Statute or any other theory.

52.

The Buchheims were unfairly confused by the allegations and misrepresentations in the Collection Complaint.

53.

As a result of BBR's misleading and false allegations, The Buchheims were confused about the source and details of the alleged debt in the Collection Complaint.

54.

BBR further caused confusion and upset to the Buchheims when it claimed that the $13,382.12 plus interest alleged to be owing from the "Defendant" without any additional detail as to historical charges, or .

55.

On or about March 15, 2022, Mr. Buchheim and Mrs. Buchheim filed a joint answer in response to the Collection Complaint that referred to the Buchheims as a singular Debtor.

56.

On or about May 6, 2022, BBR filed a motion for summary judgment on all claims against the Mr. Buchheim and Mrs. Buchheim, again as an undifferentiated unit.

57.

On or about September 16, 2022, BBR filed a motion for default against Mrs. Buchheim even though she signed the Answer that was filed by the Buchheims. BBR withdrew its motion on or about October 7, 2022 following the assigned arbitrator's letter ruling.

58.

On or about September 30, 2022, BBR by and through Humphrey filed a sworn statement of costs and attorney fees under penalty of perjury that falsely alleged a right to $5,064 in attorney fees as well as reimbursement for a  filing fee in the amount of $594.

59.

BBR was not legally entitled to the attorney fees requested and was not entitled to recover $594 for the filing fee against the Buchheims. The proper filing fee was $283 as the Collection Complaint alleged an amount owing between $10,000 and $50,000.  ORS 21.160(1)(c).

60.

BBR unfairly and falsely over-stated the filing fee it was entitled to collect form the Buchheims, thereby unfairly increasing the overall cost of the alleged debts to Buchheims.

61.

On or about December 13, 2022 the arbitrator filed with the Circuit Court an arbitration award awarding the full debt in the Collection Complaint together with BBR's requested attorney fees and costs, including the over-stated filing fee of $594 against the Buchheims.

62.

The Buchheims retained counsel and on or about December 19, 2022incurred the filing fee of $159, and requested trial de novo pursuant to ORS 36.425.  The matter is still pending at the time this complaint is filed.

## FIRST CLAIM FOR RELIEF: VIOLATIONS OF FDCPA—15 U.S.C. § 1962 et seq. and 12 C.F.R. § 1006 et seq. (Regulation F).

## (AS TO BOTH Mr. Buchheim and Mrs. Buchheim)

63.

The Buchheims individually restate and incorporate herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

64.

Mr. Buchheim is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

65.

Mrs. Buchheim is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

66.

BBR is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

67.

BBR is not exempted from the FDCPA under any of the enumerated exceptions

set forth in  15 U.S.C. § 1692a(6)(F).

68.

BBR violated the FDCPA by one or more of the following actions:

1) As to Mr. Buchheim only:

     (a) BBR unlawfully failed to identify itself as a "debt collector" in the

     March 1, 2022 Letter in violation of 12 C.F.R. § 1006.18(e) and 15

     U.S.C. §1692e(11) (as to Mr. Buchheim only);

     (b) BBR failed to identify a means of dispute in writing in the March 1,

     2022 Letter in violation of 12 C.F.R. § 1006.34(c) and 15 U.S.C.

     § 1692g;

2) As to Mrs. Buchheim only:

     (a) Upon information and belief, BBR used false and misleading means

     by unfairly moving for default and default judgment against Mrs.

     Buchheim when it was not legally able to do so, as Mrs. Buchheim had

appeared and signed the answer, in violation of 15  U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(5);

3) As to both Mr. Buchheim and Mrs. Buchheim:

(a) BBR unfairly overstated and misrepresented the amount owing on the debt by: pleading the right to pre-judgment interest not authorized by contract and/or waived by Sky Lakes; seeking pre-judgment interest from a date without apparent significance over two years prior to the assignment of the alleged debts to CJ Collections in violation of 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692f and 1692f(1) ;

(b) BBR overstated and misrepresented the amount owing on the debt as to Mrs. Buchheim's uninsured medical bills by failing to account for the 25% reduction in reasonable value in claims 3 and 4 of the Collection Complaint in violation of 15U.S.C. §§ 1692e; 1692e(2)(A); 1692f and 1692f(1);

(c) BBR and falsely represented the character of the debt and used unfair, unconscionable, and deceptive means to collect the alleged debts by alleging only one debt amount instead of separate amounts and claims as to Mr. Buchheim and Mrs. Buchheim; by intentionally omitting any basis for one Buchheim to be liable for the debts of the other; and by falsely claiming that the Buchheims had each agreed to pay interest in violation of 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692f and 1692f(10);

(d)  BBR sought to collect amounts not allowed by law or by any agreement, over-characterized the amount of the debt, and threatened to take action it could not legally take by attempting to collect attorneys fees on Claims 2-4 in the Collection Complaint and on Claim 1 in the Collection Complaint without alleging an express contract containing an attorney fee right for each Mr. Buchheim regarding his alleged medical debt and for Mrs. Buchheim regarding her alleged medical debt in violation of 15 U.S.C. §§ §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(5);1692f; and 1692f(1); and

(e)  BBR sought to collect amounts not allowed by law or by any agreement, over-characterized the amount of the debt, and threatened to take action it could not legally take by attempting to collect a $594 filing fee from the Buchheims in violation of 15 U.S.C. §§ §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(5);1692f; and 1692f(1).

69.

As an actual and proximate result of BBR's violation of the FDCPA, Mr. Buchheim incurred and is entitled to  (a) actual damages in the amount of court fees, postage, lost wages,; (b) noneconomic damages for emotional distress, worry, anxiety, embarrassment and shame in an amount to be proven at trial; and (c)statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

70.

As an actual and proximate result of BBR's violation of the FDCPA as alleged above, Mrs. Buchheim incurred and is entitled to (a) actual damages in the amount of actual damages in the amount of court fees, postage, and loss of household income;  (b) noneconomic damages for emotional distress, worry, anxiety, sleeplessness, shame, and embarrassment in an amount to be proven at trial; and (c) statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

71.

As an actual and proximate result of defendants' violations of the FDCPA as alleged above, Mr. Buchheim is entitled to reasonable fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

72.

As an actual and proximate result of defendants' violations of the FDCPA as alleged above, Mrs. Buchheim is entitled to reasonable fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CLAIM FOR RELIEF: VIOLATIONS OF UTPA—ORS 646.608 and 646.638.

## (AS TO BOTH Mr. Buchheim and Mrs. Buchheim)

73.

The Buchheims incorporate the preceding paragraphs of this complaint.

74.

In the course of their businesses as debt collectors, BBR's violations of the UTPA include, but are not limited to the following:

(a) The unlawful overstatement of cost of the debt owed by Mr. Buchheim and Mrs. Buchheim by making a false and misleading representation of fact concerning the cost of the debt as including agreed upon interest, as including any pre-judgment interest, as not accounting for a 25% reduction as to Mrs. Buchheim, and as including an obligation to pay attorney fees and an excessive and not legally authorized filing fee, in violation of ORS 646.608(1)(s);

(b) The intentionally false treatment of the alleged debt in the Collection Complaint as one debt owed by a singular Debtor, without any differentiation or pleading as to joint liability, unlawful withholding of required disclosures, itemization date, and itemization, including right to dispute the debt and request validation, caused the likelihood of confusion or of misunderstanding as to the true status and nature of the underlying debt, including the validity of the debt actually owed by either Mr. Buchheim and/or Mrs. Buchheim in violation of ORS 646.608(1)(b).

75.

The violations of the UTPA above alleged caused he Buchheims to suffer an ascertainable loss of money and property,  in the form of increasing the cost of the alleged debt at issue, including the excessive filing fee not allowed by law, lost wages due to missed work, and having to pay to litigate the matter just to get answers about the what BBR was in fact alleging the debts were. Other ascertainable loss also included costs the Buchheims incurred to respond to and

defend against the Collection Action. These violations caused further ascertainable loss to the Buchheims by reducing the overall value of the services provided to them by Sky Lakes which they did not anticipate would include being sued for improper amounts that they did not actually owe, including but not limited to interest and attorney fees  which were not part of any agreement they had with Sky Lakes.

76.

BRR's conduct as alleged above was willful in that it knew or reasonably should have known that its conduct was in violation of the UTPA.

77.

As a result of the defendants' violation of the UTPA as alleged above, Mr. Buchheim is entitled to the greater of her actual damages or $200, and reasonable fees and costs, pursuant to ORS 646.638.

78.

As a result of the defendants' violation of the UTPA as alleged above, Mrs. Buchheim is entitled to the greater of her actual damages or $200, and reasonable fees and costs, pursuant to ORS 646.638.

79.

 BRR's conduct in violation of the UTPA was carried out with a reckless disregard of the Buchheims' rights and BRR's societal obligations. Therefore, an award of punitive damages is proper and an amount of $100,000 is a just amount to

punish BRR's misconduct and deter similar misconduct from occurring in the future.

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against defendant Brandsness, Brandsness & Rudd, P.C. as follows:

a) A declaratory judgment that Defendant's conduct violated the FDCPA and the UTPA;

b) Actual damages including economic and noneconomic damages to Mr. Buchheim determined pursuant to 15 U.S.C. §1692k(a)(1);

c) Actual damages including economic and noneconomic damages to Mrs. Buchheim determined pursuant to 15 U.S.C. §1692k(a)(1);

d) Maximum statutory damages to Mr. Buchheim pursuant to 15 U.S.C. §1692k(a)(2)(A);

e) Maximum statutory damages to Mrs. Buchheim pursuant to 15 U.S.C. §1692k(a)(2)(A);

f) The greater of Mr. Buchheims economic and non-economic damages or $200, pursuant to ORS 646.638(1);

g) The greater of Mrs. Buchheims economic and non-economic damages or $200, pursuant to ORS 646.638(1);

h) Punitive damages on behalf of both Mr. Buchheim and Mrs. Buchheim, pursuant to ORS 646.638(1) in the amount of $100,000;

i)   for an award of costs of litigation and reasonable attorney fees incurred by Mr. Buchheim in prosecuting this case, pursuant to 15 U.S.C. § 1692k(a)(3) and ORS 646.638(3);

j)   for an award of costs of litigation and reasonable attorney fees incurred by Mrs. Buchheim in prosecuting this case, pursuant to 15 U.S.C. § 1692k(a)(3) and ORS 646.638(3); and

k)   For all such further relief that the Court may deem just and appropriate.


### JURY DEMAND

Mr. Buchheim and Mrs. Buchheim are entitled to and hereby respectfully demands a trial by jury.


Dated this 8th day of February, 2023.

**Mertens Law, LLC**

/s/ Chris Mertens
Chris Mertens, OSB #092230
Mertens Law, LLC
4411 NE Tillamook Street
Portland, Oregon 97213
Tel: 503.836.7673
Fax: 503.213.6000
Chris@MertensCSBLaw.com

Of Attorneys for the Plaintiff